UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY STUART KILGORE,            ) | |
|              ) | |
|    Plaintiff,            ) | |
|              ) | |
|    v.            ) | Civil Action No. 1:24-cv-03494 (UNA) |
|              ) | |
| U.S. GOVERNMENT,            ) | |
|              ) | |
|    Defendant.            ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court grants the IFP application and, for the reasons below, it dismisses this for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting).

Plaintiff, a resident of Washington, D.C., sues the United States pursuant to 28 U.S.C. § 1498, for $3 trillion in damages, which he purports amounts to "64% of $300,000 per minute." *See* Compl. at 1–4. The complaint is spare, vague, and difficult to understand. As far as it can be understood, plaintiff alleges that, in 1975, he "invented Air Touch Cellular" and that the federal government appropriated the technology, and when he attempted to recover it, "50 government employees quit their jobs to start up Verizon Corp." *See id.* at 4. He insinuates that, in doing so, the government breached a "verbal agreement," depriving him to a majority stake in Verizon. *See id.*

Plaintiff has failed to establish subject matter jurisdiction. Claims brought pursuant to 28 U.S.C. § 1498 are to be filed exclusively in the United States Court for Federal Claims. *See* 28 U.S.C. § 1498(a)–(b); *see also Potter v. Toei Animation Inc.*, 839 F. Supp. 2d 49 (D.D.C. 2012)

(dismissing § 1498 claims and holding that Court of Federal Claims had exclusive jurisdiction over a plaintiff's copyright or patent infringement claims against United States), *aff'd*, No. 12–5084, 2012 WL 3055990 (D.C. Cir. Jul. 18, 2012) (per curiam), *cert. denied*, 568 U.S. 1127 (2013).

Similarly, the Tucker Act, 28 U.S.C. § 1491, gives the Court of Federal Claims jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.  This grant of jurisdiction is "exclusive," but "only to the extent that Congress has not granted any other court authority to hear the claims that may be decided by the [Court of Federal Claims]." *Bowen v. Massachusetts*, 487 U.S. 879, 910 n.48 (1988).  Absent other grounds for jurisdiction, a claim is subject to the Tucker Act's stringent jurisdictional restrictions if, in whole or in part, it explicitly or "in essence" seeks more than $10,000 in monetary relief from the federal government. *See Megapulse, Inc. v. Lewis*, 672 F.2d 959, 967–68 (D.C. Cir. 1982); *Heller, Ehrman, White & MacAuliffe v. Babbitt*, 992 F.2d 360, 363 (D.C. Cir. 1993) (a plaintiff "may not, by creatively framing their complaint, circumvent a congressional grant of exclusive jurisdiction.").  Here, plaintiff's complaint seeks damages far exceeding $10,000 from the United States, arising from alleged breach of contract, placing his claims squarely within the parameters of the Tucker Act, and divesting this court of jurisdiction.

Consequently, this case is dismissed without prejudice for want of subject matter jurisdiction.  A separate order accompanies this memorandum opinion.

Date:  February 11, 2025                                              _____/s/_____
                                                                                              RUDOLPH CONTRERAS
                                                                                              United States District Judge